CLARENCE McCOWN v. THE STATE.

No. 13572. Delivered February 11, 1931.

The opinion states the case.

*T. A. Bledsoe,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant was arrested in possession of two bottles of whisky. He had shortly before driven up in a car to a negro restaurant in the town of Hamlin, Texas, from which he was expecting to go on to Stamford presently. According to the State's contention a hat box was on the running board of the car and in this were several other bottles of liquor. Appellant's theory of the case was that said hat box and its contents belonged to a negro woman named Edna whom appellant had picked up at Rotan and was carrying for accommodation to Stamford on his way back to Abilene; that when the party got to Hamlin and stopped for supper, and had gone into the restaurant,—Edna asked him to get her hat box and bring it into the restaurant, that she was afraid it would be stolen. Appellant testified that Edna went with him out to the car and on the way out told him there was whisky in the hat box. He also claimed that when he unlocked the car door, she took the hat box out, set it on the ground and left it there, and that he opened it and put one bottle of whisky in his hip pocket, and was in the act of putting another in another pocket when the officer stepped up and arrested him. Appellant further testified he was going to take it into the restaurant. He suggests no reason why he was going to take the bottles of whisky out of the hat box and dispose of them around his person as he stood outside of the car, and before taking the box into the restaurant.

Appellant was corroborated to some extent by another negro woman named Nellie. The woman Edna swore for the State that she had no whisky in her hat box, did not go out to the car with appellant and knew nothing of the whisky until after appellant's arrest and the officer came back up to the restaurant. She further testified that appellant and Nellie kept company with each other and went together a lot. We observe that the testimony of appellant himself suggests the truth of this latter fact. He said he was going from Abilene to Rotan on the day in question to get a negro boy whose mother hired him to make the trip; that he took Nellie with him because she asked him to take her to Stamford, but when they got to Stamford she concluded to go on with him to Rotan. They did not get the boy but started back without him. The whole story as detailed by the appellant is full of inconsistencies and contradictions.

The facts and the people who narrated them were before the jury

which had the right and duty to pass upon the testimony and accept or reject such of same as they saw fit. The judge before whom the case was tried is one of the most careful in this State. Edna said that after they got to Hamlin and she and Nellie went into the restaurant, that appellant went outside, and it was about thirty minutes after that before she learned of his arrest. The jury would be entirely warranted in believing that appellant was in the act of putting the whisky in the hat box for the purpose of continuing its transportation, or of believing that appellant had the whisky in any other place of concealment that might have suited him about said car. He was found in possession of it, and his explanation was not accepted by the jury. In this connection we note that the trial judge told the jury that before they could convict, they must find beyond a reasonable doubt that defendant knew said whisky was in the car at the time and that it was transported, and unless they so believed they should acquit the defendant. We think nothing appears in the record indicating passion or prejudice on the part of the jury, but on the contrary appellant seems to have had a fair trial, and was accorded the lowest penalty.

The judgment will be affirmed.

*Affirmed.*